JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
Phone: 202-353-2466
Fax:    202-307-0054
Email: Jeremy.Hendon@usdoj.gov

*Attorney for the United States of America*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ROGER NAPOLEON GRANT,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT TO NULLIFY AND ENJOIN FALSE LIEN FILINGS** |

The United States of America, by and through its attorney, complains and alleges as follows:

**JURISDICTION AND VENUE**

1.      The United States brings this action to obtain a judicial declaration that documents filed by Defendant Roger Napoleon Grant with the Office of the Secretary of State for the State of California against the Attorney General of the United States; the former Acting Commissioner of the Internal Revenue Service and current Deputy Secretary of the United States Treasury; the former Acting United States Attorney for the District of Colorado and current First Assistant United States Attorney in the District of Colorado; the current Clerk of Court for the United States District Court for the District of Colorado; two Department of Justice, Tax Division criminal trial attorneys; and an Internal Revenue Service Criminal Investigator are null, void, and without legal effect, and to enjoin the Defendant from filing similar documents.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 26 U.S.C. § 7402.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Defendant used the California Secretary of State recording mechanisms to harass

Government officials employed by the United States Department of Justice ("DOJ"), Internal Revenue Service ("IRS"), and the Administrative Office of the United States Courts.

## PARTIES

4.    Plaintiff is the United States of America.

5.    Defendant is Roger Napoleon Grant, an individual, who resides in Plano, Texas.

6.    On or about April 21, 2025, the United States informed Defendant that he was under criminal investigation in Colorado regarding federal tax violations.

## DEFENDANT'S FALSE FILINGS AGAINST
## THE ATTORNEY GENERAL OF THE UNITED STATES

7.    On June 19, 2025, Defendant filed with the Secretary of State of California a document purporting to be a UCC Financing Statement, File #U250156534525 (Bondi Initial False Lien).

8.    On June 19, 2025, Defendant filed with the Secretary of State of California an additional document purporting to be a UCC Financing Statement, File #U250156544324 (Bondi Second False Lien). Ex. 1.

9.    On June 19, 2025, Defendant filed with the Secretary of State of California a document purporting to be a UCC Financing Statement Amendment, File #U250156558728, relating to the Bondi Initial False Lien (Bondi False Lien Amendment). Ex. 2. The Bondi Initial False Lien, Bondi Second False Lien, and Bondi False Lien Amendment are collectively referred to as the Bondi False Liens.

10.    The Bondi False Liens identify Pamela Bondi as either the debtor or the "Person(s) obligated or to become obligated."

11.    Bondi is the current United States Attorney General; she began her term on February 5, 2025.

12.    Bondi is not personally acquainted with Defendant and has not had any contact or relationship with Defendant.

13.    Bondi has not engaged in any contract, security agreement, or personal transaction with Defendant and does not owe money to Defendant.

14.    There is no legitimate reason for Defendant to impose a lien on Bondi's property.

**DEFENDANT'S FALSE FILINGS AGAINST**
**THE FORMER ACTING IRS COMMISSIONER AND CURRENT DEPUTY**
**SECRETARY OF THE DEPARTMENT OF THE TREASURY**

15.     On June 3, 2025, Defendant filed with the Secretary of State of California three documents purporting to be UCC Financing Statements, File #U250146336633, #U250146431937, and #U250146514530 (Faulkender Initial False Liens). Ex. 3.

16.     On June 19, 2025, Defendant filed with the Secretary of State of California two additional documents purporting to be UCC Financing Statements, #U250156542017 (Ex. 4) and File #U250156533220 (Faulkender Second False Liens).

17.     On June 19, 2025, Defendant filed with the Secretary of State of California a document purporting to be a UCC Financing Statement Amendment, File #U250156559023, relating to one of the Faulkender Second False Liens, File #U250156533220 (Faulkender False Lien Amendment). Ex. 5. The Faulkender Initial False Liens, Faulkender Second False Liens, and Faulkender False Lien Amendment are collectively referred to as the Faulkender False Liens.

18.     The Faulkender False Liens identify Michael Faulkender as either the debtor or the "Person(s) obligated or to become obligated."

19.     Faulkender was the Acting IRS Commissioner from April 18, 2025, until he was confirmed, and began his term, as the Deputy Secretary of the Department of the Treasury of the United States on March 26, 2025.

20.     Faulkender is not personally acquainted with Defendant and has not had any contact or relationship with Defendant.

21.     Faulkender has not engaged in any contract, security agreement, or personal transaction with Defendant and does not owe money to Defendant.

22.     There is no legitimate reason for Defendant to impose a lien on Faulkender's property.

**DEFENDANT'S FALSE FILINGS AGAINST**
**THE FORMER ACTING UNITED STATES ATTORNEY FOR THE DISTRICT OF**
**COLORADO AND CURRENT FIRST ASSISTANT UNITED STATES ATTORNEY IN**
**THE DISTRICT OF COLORADO**

23.     On June 3, 2025, Defendant filed with the Secretary of State of California three

documents purporting to be UCC Financing Statements, File #U250146347333, #U250146439944, and #U250146535828 (Grewell Initial False Liens). Ex. 6.

24.    On June 19, 2025, Defendant filed with the Secretary of State of California two additional documents purporting to be UCC Financing Statements, File #U250156539021 (Ex. 7) and File #U250156528927 (Grewell Second False Liens).

25.    On June 19, 2025, Defendant filed with the Secretary of State of California a document purporting to be a UCC Financing Statement Amendment, File, #U250156559730, relating to one of the Grewell Second False Liens, File #U250156528927 (Grewell False Lien Amendment). Ex. 8. The Grewell Initial False Liens, Grewell Second False Liens, and Grewell False Lien Amendment are collectively referred to as the Grewell False Liens.

26.    The Grewell False Liens identify J. Bishop Grewell as either the debtor or the "Person(s) obligated or to become obligated."

27.    Grewell was the Acting United States Attorney for the District of Colorado from January 26, 2025, to June 16, 2025, and is the current First Assistant United States Attorney and Chief of the Appellate Division of the United States Attorney's Office for the District of Colorado.

28.    Grewell is not personally acquainted with Defendant and has not had any contact or relationship with Defendant.

29.    Grewell has not engaged in any contract, security agreement, or personal transaction with Defendant and does not owe money to Defendant.

30.    There is no legitimate reason for Defendant to impose a lien on Grewell's property.

**DEFENDANT'S FALSE FILINGS AGAINST
THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

31.    On June 19, 2025, Defendant filed with the Secretary of State of California a document purporting to be a UCC Financing Statement, File #U250156528220 (Colwell Initial False Lien).

32.    On June 19, 2025, Defendant filed with the Secretary of State of California an

additional document purporting to be a UCC Financing Statement, File #U250156537522 (Colwell Second False Lien). Ex. 9.

33.     On June 19, 2025, Defendant filed with the Secretary of State of California a document purporting to be a UCC Financing Statement Amendment, File #U250156559831, relating to the Colwell Initial False Lien (Colwell False Lien Amendment). Ex. 10. The Colwell Initial False Lien, Colwell Second False Lien, and Colwell False Lien Amendment are collectively referred to as the Colwell False Liens.

34.     The Colwell False Liens identify Jeffrey P. Colwell as either the debtor or the "Person(s) obligated or to become obligated."

35.     Colwell is the current Clerk of the Court for the United States District Court for the District of Colorado and has been serving in that role since 2012.

36.     Colwell is not personally acquainted with Defendant and has not had any contact or relationship with Defendant.

37.     Colwell has not engaged in any contract, security agreement, or personal transaction with Defendant and does not owe money to Defendant.

38.     There is no legitimate reason for Defendant to impose a lien on Colwell's property.

**DEFENDANT'S FALSE FILINGS AGAINST
TWO UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION, CRIMINAL
TRIAL ATTORNEYS WORKING ON THE CRIMINAL INVESTIGATION OF
DEFENDANT**

39.     On June 3, 2025, Defendant filed with the Secretary of State of California three documents purporting to be UCC Financing Statements, File #U250146387236, #U250146465131, and #U250146541830 (Scott/Pope Initial False Liens). Ex. 11.

40.     On June 19, 2025, Defendant filed with the Secretary of State of California an additional document purporting to be a UCC Financing Statement, File #U250156536015 (Ex. 12) (Scott/Pope Second False Lien). The Scott/Pope Initial False Liens and the Scott/Pope Second False Lien are collectively referred to as the Scott/Pope False Liens.

41.     The Scott/Pope False Liens identify Amanda Rae Scott and Lauren K. Pope (or Pop) as the debtors.

42.     Scott and Pope are trial attorneys in the United States Department of Justice, Tax Division, Criminal Enforcement Section, based in Washington, D.C. who are working on the criminal investigation regarding Defendant.

43.     Neither Scott nor Pope have engaged in any contract, security agreement, or personal transaction with Defendant and do not owe money to Defendant.

44.     There is no legitimate reason for Defendant to impose a lien on Scott's or Pope's property.

**DEFENDANT'S FALSE FILINGS AGAINST THE IRS CRIMINAL INVESTIGATOR WORKING ON THE CRIMINAL INVESTIGATION OF DEFENDANT**

45.     On June 3, 2025, Defendant filed with the Secretary of State of California three documents purporting to be UCC Financing Statements, File #U250146368539, #U250146447234, and #U250146524026 (Rice Initial False Liens). Ex. 13.

46.     On June 19, 2025, Defendant filed with the Secretary of State of California two additional documents purporting to be UCC Financing Statements, File #U250156529626 and File #U250156540720 (Rice Second False Liens). Ex. 14.

47.     On June 19, 2025, Defendant filed with the Secretary of State of California a document purporting to be a UCC Financing Statement Amendment, File, #U250156559326, relating to one of the Rice Second False Liens, File #U250156529626 (Rice False Lien Amendment). Ex. 15. The Rice Initial False Liens, Rice Second False Liens, and Rice False Lien Amendment are collectively referred to as the Rice False Liens.

48.     The Rice False Liens identify Jake Rice as either the debtor or the "Person(s) obligated or to become obligated."

49.     Rice is the IRS Criminal Investigator who, based in Colorado, is working on the criminal investigation regarding Defendant.

50.     Rice has not engaged in any contract, security agreement, or personal transaction with Defendant and does not owe money to Defendant.

51.     There is no legitimate reason for Defendant to impose a lien on Rice's property.

**DEFENDANT'S FRIVOLOUS AND THREATENING LETTERS**

52.     After he was informed that he was under criminal investigation, Defendant began

routinely writing letters to the IRS, Department of the Treasury officials, Department of Justice officials, the United States District Court for the District of Colorado, and the IRS Criminal Investigation agent assigned to the criminal investigation. In his letters Defendant makes frivolous arguments and threats.

53. On May 15, 2025, and succeeding days thereafter, in response to being notified of the criminal investigation against him, Defendant sent Rice, and all the other federal employees against whom Defendant later filed with the Secretary of State of California documents purporting to be UCC Financing Statements, multiple letters advancing frivolous arguments as to the federal tax laws and any relationship between himself and those individuals. Ex. 16. The letters also threatened the recipients that they must respond within three days or "Dishonor" may result.

54. Defendant continued to mail such frivolous and threatening letters to the same individuals on May 26, 2025, June 4, 2025, June 5, 2025, June 13, 2025, June 20, 2025, July 14, 2025, August 1, 2025, and August 11, 2025.

55. Defendant carried through on his threats in two ways. First, he did so by making frivolous allegations in letters dated June 11, 2025, against the federal attorneys against whom Defendant has filed with the Secretary of State of California documents purporting to be UCC Financing Statements. He sent these letters to the United States Department of Justice's Office of Professional Responsibility, the Colorado Attorney Regulation Counsel, the Federal Bar Association, the District of Columbia Bar Association, the Colorado Bar Association, and the Florida Bar Association.

56. Defendant also carried through on his threats by filing the documents purporting to be UCC Financing Statements, and thus attempting to file false liens, against the federal employees involved in a criminal investigation of Defendant regarding federal tax violations or who work at the federal court where the criminal investigation is taking place. The false liens pertain to what Defendant describes as "Acceptance of Tax Violation Instrument."

57. None of the federal employees against whom Defendant has filed with the Secretary of State of California documents purporting to be UCC Financing Statements had any

contact or relationship with Defendant outside their official federal employment duties.

58.     None of the federal employees against whom Defendant has filed with the Secretary of State of California documents purporting to be UCC Financing Statements have engaged in any personal transaction with Defendant and do not owe Defendant any money.

59.     The federal employees against whom Defendant has filed with the Secretary of State of California documents purporting to be UCC Financing Statements are concerned that Defendant will file false documents that will negatively impact their ability to purchase a home or obtain credit or that will disclose their personal information (such as social security numbers or residence addresses).

**CLAIM FOR RELIEF:**
**ORDER NULLIFYING AND ENJOINING FALSE LIEN FILINGS**

60.     Defendant filed the Bondi False Liens, Faulkender False Liens, Grewell False Liens, Colwell False Liens, Scott/Pope False Liens, and Rice False Liens and sent them to Bondi, Faulkender, Grewell, Colwell, Scott, Pope, and Rice in retaliation for the acts performed as part of their official governmental duties, under their authority as officers, or under the direction of officers of the United States.

61.     The Bondi False Liens, Faulkender False Liens, Grewell False Liens, Colwell False Liens, Scott/Pope False Liens, and Rice False Liens are specifically designed to interfere with the enforcement of the laws of the United States pertaining to the internal revenue, and to molest, interrupt, hinder, intimidate, or impede employees or officers of the United States in performance of their duties.

62.     The Bondi False Liens, Faulkender False Liens, Grewell False Liens, Colwell False Liens, Scott/Pope False Liens, and Rice False Liens are without any legal basis and are designed to harass federal officers and employees in their personal lives for the performance of their official duties.

63.     The Bondi False Liens, Faulkender False Liens, Grewell False Liens, Colwell False Liens, Scott/Pope False Liens, and Rice False Liens impose an immediate injury upon the United States by impeding, obstructing, and impairing the execution of the official duties of its employees or officers.

64. Defendant's threats to file other liens are similarly intended to interfere with the enforcement of the laws of the United States, to molest, interrupt, hinder, intimidate, or impede employees or officers of the United States in performance of their duties, and to harass federal officers and employees in their personal lives.

65. Defendant's filing the Bondi False Liens, Faulkender False Liens, Grewell False Liens, Colwell False Liens, Scott/Pope False Liens, and Rice False Liens, and Defendant's threats to file other liens, cause an immediate and irreparable injury upon the United States and upon its officers and employees individually.

66. The public interest will be served by an order declaring that the Bondi False Liens, Faulkender False Liens, Grewell False Liens, Colwell False Liens, Scott/Pope False Liens, and Rice False Liens filings are null and void, and permanently enjoining Defendant from filing, or attempting to file, any document or instrument, that (1) purports to create a nonconsensual lien against the property of any federal officer or employee or (2) contains any personal information (such as the social security number or the residence address) of any federal officer or employee.

## PRAYER FOR RELIF

WHEREFORE, the plaintiff, the United States of America, respectfully prays as follows:

A. That the Court determine, adjudge and declare that the following documents are null, void, and of no legal effect and that the record of these filings be expunged and removed from the public record:

- UCC Financing Statement, File #U250156534525;
- UCC Financing Statement, File #U250156544324;
- UCC Financing Statement Amendment, File #U250156558728;
- UCC Financing Statement, File #U250146336633;
- UCC Financing Statement, File #U250146431937;
- UCC Financing Statement, File #U250146514530;
- UCC Financing Statement, File #U250156542017;
- UCC Financing Statement, File #U250156533220;

- UCC Financing Statement Amendment, File #U250156559023;
- UCC Financing Statement, File #U250146347333;
- UCC Financing Statement, File #U250146439944;
- UCC Financing Statement, File #U250146535828;
- UCC Financing Statement, File #U250156539021;
- UCC Financing Statement, File #U250156528927;
- UCC Financing Statement Amendment, File, #U250156559730;
- UCC Financing Statement, File #U250156528220;
- UCC Financing Statement, File # U250156537522;
- UCC Financing Statement Amendment, File, #U250156559831;
- UCC Financing Statement, File #U250146387236;
- UCC Financing Statement, File #U250146465131;
- UCC Financing Statement, File #U250146541830;
- UCC Financing Statement, File #U250156536015;
- UCC Financing Statement, File #U250146368539;
- UCC Financing Statement, File #U250146447234;
- UCC Financing Statement, File #U250146524026;
- UCC Financing Statement, File #U250156529626;
- UCC Financing Statement, File #U250156540720; and
- UCC Financing Statement Amendment, File, #U250156559326;

B.     That the Court grant leave to file any order or judgment obtained in the present case with the California Secretary of State and in the public records of any other jurisdiction where documents identical or similar to the Bondi False Liens, Faulkender False Liens, Grewell False Liens, Colwell False Liens, Scott/Pope False Liens, and Rice False Liens may have been filed by Defendant;

C.     That the Court permanently enjoin Defendant, his agents, employees, and all others in active concert or participation with him from filing, or attempting to file, any document or instrument that (1) purports to create a nonconsensual lien against the property of any federal

officer or employee or (2) contains any personal information (such as the social security number or the residence address) of any federal officer or employee; and

D.      That the Court grant such other and further relief as the Court deems to be just and proper.

Respectfully submitted this 21st day of August, 2025.

/s/ Jeremy N. Hendon
JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-2466 (v)
202-307-0054 (f)
Jeremy.Hendon@usdoj.gov